Parker C. J.
afterward drew up the opinion of the Court. We cannot find any safe ground to support this action upon, for the repairs of the parish-house. The sum appropriated for that purpose in 1815, was exhausted, and the committee employed to expend the money, expressly declined making further repairs without new authority.
The plaintiff therefore proceeded in the repairs and expenditures taking upon himself the risk of being indemnified by the parish, if they should think fit to reimburse him.
*513 There was no legal obligation on the parish, to put the house in repair, or to keep it so during the continuance of the estate of the plaintiff.[1] *He was seised in fee, jure parochice, and his estate continued as long as his ministry. All repairs accruing during this period, were legally at his charge. His right to recover, therefore, must depend on the validity and effect of the vote of the parish, passed after the dissolution of the pastoral relation. The objections to this are, that it was not within the lawful authority of the parish to grant, and that it was a nudum, pactum,, there being no sufficient consideration ; or if there was any consideration, it was executed and past before the vote of the parish, and the repairs not being made at the request of the parish, such past consideration will not support a promise.[2] Under the circumstances of the case as proved, a request might have been inferred by a jury,[3] ***were it not for the fact as agreed, that the parish committee did actually refuse to agree to further repairs, after they had expended the sum appropriated by the parish. The plaintiff did not make the repairs on the credit of the parish ; he paid the bills himself; accepted of a small sum from private subscription ; and lay by twelve years without making any application to the parish for reimbursement. He did not consider the parish his debtor on this account. Nor did he make this claim when the terms of the dissolution of his parochial connexion were proposed and agreed on. The terms were specific. He was to be paid his salary to a certain day in September 1827. He was to have wood and the use of the house, the ensuing winter, and he agreed to quit the parish property in April 1828.
This agreement was made conclusively by a vote of the par *514 ish in March 1828, an ecclesiastical council mutually called having before recommended a separation.
The pulpit had been vacated by the plaintiff in July 1827, and from October of that year, had been supplied by a com mittee of the parish ; so that the pastoral relation was de facto, by mutual consent, dissolved long before the vote was passed to pay the account of repairs. At the time then of the vote of the parish, to pay the account, there was no indebtedness ; there had been no request to make the repairs, and they were made on an estate of which the plaintiff was seised in fee, and of which he was in the enjoyment, and which he continued to enjoy for twelve years, and finally which he voluntarily surrendered, without any stipulation or request for payment for the repairs. The vote then, if considered as a promise to pay, was nugatory and unauthorized, the parish having no right to incur debts founded on no beneficial equivalent. It was an act of generosity, or rather an effort to be generous which failed before it was executed ; and the law cannot aid the plaintiff to enforce it.
We perceive among the items of the account, charges for certain conveniences, which are not necessarily part of the freehold, and which the plaintiff therefore has a right to remove. We recommend a reasonable allowance for these, in order to avoid another suit. We refer particularly to the window-blinds and stove.[1]

 See Revised Stat. c. 20, § 18."

 See Bulkley v. London, 2 Connect. R. 404 ; Chaffee v. Thomas, 7 Cowen, 858; Lonsdale v. Brown, 4 Wash. Circ. C. R. 148; Parker v. Crane, 6 Wendell, 647; Leland v. Douglass, 1 Wendell, 492; Goldsby v. Robertson, 1 Blackford, 247.
An entire promise founded partly on a past and executed consideration, and partly on an executory consideration, is supported by the executory consideration. Loomis v. Newhall, 15 Pick. 159; Andrews v. Ives, 3 Connect. R. 368.

 See Doty v. Wilson, 14 Johns. R. 378; Oatfield v. Waring, 14 Johns. R. 188; Hicks v. Burnham, 10 Johns. R. 243; Stoever v. Stoever, 9 Serg. & Rawle, 434.

 See 4 Burn’s Eccl. Law. (7th ed.) 301; Chitty on Contr. (4th Am. ed.) 286,287; Gray v. Holdship, 17 Serg. &Rawle, 415, per Smith J.; Gaffield v. Hapgood, 17 Pick. 192.